## THE LYSEFJORD.

### (District Court, S. D. New York. March 11, 1920.)

1. ADMIRALTY ⬤⇒50—IN CONTRACT CASES, LIABILITY OF PARTY BROUGHT IN UNDER RULE IS MEASURED BY CONTRACT.

   The bringing in of third parties in a suit in admiralty, under admiralty rule 59 (29 Sup. Ct. xlvi), cannot affect the substantive rights of the parties, and, in cases sounding in contract, the liability of the last party brought in is measured by his contract with the next party in the line.

2. ADMIRALTY ⬤⇒62—PARTY BROUGHT IN AS RESPONDENT MAY FILE CROSS-LIBEL AGAINST PARTY BRINGING IT IN.

   Where one subcharterer filed a libel against another for breach of the subcharter, and, under rule 59 (29 Sup. Ct. xlvi), respondent brought in the charterer, who brought in the owners, each charging liability in contract against the party brought in, the owners, under rule 53 (29 Sup. Ct. xlv), could file a cross-libel against the charterer for negligent loading, constituting a breach of the original charter.

In Admiralty. Libel by a subcharterer of the Lysefjord, against the Atlantic Fruit Company, in which other parties were brought in. On exceptions to a cross-libel filed by the owners against the Tropical Fruit Company. Exceptions overruled.

On exceptions to a cross-libel filed under the following circumstances: The original libel was filed by a subcharterer against the Atlantic Fruit Company who themselves held the vessel under a subcharter, upon breach of the subcharter of the steamship Lysefjord of Stavanger. It claimed various items for time lost and other incidentals in violation of the charter. The Atlantic Fruit Company answered the libel and also petitioned under the fifty-ninth rule (29 Sup. Ct. xlvi) to bring in the Tropical Fruit Company, alleging that this company had in turn chartered the said steamer to it, and that for the defaults charged against the Atlantic Fruit Company by the libelant the Tropical Fruit Company was liable under this charter. The Tropical Fruit Company answered, and in turn filed a petition under the fifty-ninth rule, bringing in the owners of the steamer, alleging that they had chartered her to the Tropical Fruit Company for a period including that of the libelant's subcharter sued on, and that for the faults charged in the libel and in the petition of the Atlantic Fruit Company the owners were responsible under this the original charter. The owners answered the libel and the petitions of both the Tropical Fruit Company and the Atlantic Fruit Company. They also filed a cross-libel against the Tropical Fruit Company, alleging damage to the ship from negligent loading, charging that such negligence was a breach of the charter between themselves and the Tropical Fruit Company. The question arises whether, under the fifty-third rule (29 Sup. Ct. xlv), this cross-libel well lies to the petition of the Tropical Fruit Company.

Robinson Leech, of New York City, for Huddleston Marsh Mahogany Co.

Hunt, Hill & Betts, of New York City, for Atlantic Fruit Co.

Bullowa & Bullowa, of New York City, for Tropical Fruit Co.

Haight, Sandford & Smith, of New York City, for the Lysefjord.

LEARNED HAND, District Judge (after stating the facts as above). [1] The fifty-ninth rule, as drawn and as still applied in some circuits, is limited to collisions. In such cases, upon bringing in a third party, the case proceeds as if the co-tort-feasor had originally been made a

party. The wrong committed by the third party raises an obligation of compensation running directly between the injured party—i. e., the libelant—and himself, or, if in rem, against the res brought in. But, of course, no procedural facilities can affect the substantive rights of the parties. Consequently where the rule applies, as it has long applied in this circuit, to cases sounding in contract, the direct relations must remain unaffected. In such cases the libelant usually has no legal obligations against any one but the promisor of the contract on which he sues, as well after as before the new parties are brought in. Similarly the third person brought in is under no obligation towards any one but the respondent who brings him in. The upshot of the series of petitions is only this: That in one proceeding, two, or, as in the case at bar, three, separate suits are tried out at once, the suit of the libelant against the original respondent and the suit of the respondent against the third party. No new obligations are created, and therefore this is all that there is to try. A single decree can adjust all the relief which the several litigations require, and if the second or third suits are protective only, the result is usually to give the libelant in fact his first relief against a party between whom and himself no obligation exists. However, that must not disguise the fact that the libelant cannot enlarge his rights because of the fifty-ninth rule, and that he gets process direct against the final party only through the chain of obligations terminating with him. The final liability continues necessarily to be measured by the contract of the last party with the next party back in the line.

[2] Such being the case, it is apparent that, as the petition of the Tropical Fruit Company sets up the breach of an obligation between itself and the owners, the single question is whether the owners, who would have had the benefit of the fifty-third rule, had they been sued by original libel, shall be deprived of it because they are brought in under the fifty-ninth rule. Obviously, if so, they lose a substantial right against a possibly insolvent party, to whom they may, it is true, be under obligation, but against whose claim their counterclaim is in effect a valid defense. This is contrary to every principle of equity, and should be avoided as far as possible. It would result in charging the owners in favor of the libelant without any set-offs, although as I have shown, the libelant can recover against the owners only in so far as the Tropical Fruit Company has a claim against them.

While the case is, so far as I can find, one of first impression, on principle it is quite obvious that the cross-libel is quite proper, and the exceptions will be therefore overruled.